**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 19-79** |
| **CHRISTOPHER WATSON** | **SECTION: D** |

**ORDER AND REASONS**

Before the Court is Defendant Christopher Watson's Motion to Receive Credit While in Federal Custody or in the Alternative be Sent to State of Louisiana with a Federal Detainer.[1] Mr. Watson requests that he receive credit for time served by him since September 11, 2025.[2] The Government opposes the Motion.[3]

Requests for credit on a federal sentence are addressed as habeas corpus claims under 18 U.S.C. § 2241.[4] Prior to seeking relief from a federal court, a petitioner seeking credit under § 2241 must first exhaust his administrative remedies through the Bureau of Prisons.[5] Mr. Watson has not shown or alleged that he exhausted administrative remedies with either the Louisiana Department of Corrections or the Bureau of Prisons regarding the crediting of his state and federal sentences.

Further, it appears Mr. Watson is incorrect that he is presently serving his federal sentence and not receiving credit. The Government asserts, and the Court has confirmed, that Mr. Watson is presently serving his state sentence, which is set to

---

[1] R. Doc. 123.
[2] R. Doc. 123.
[3] R. Doc. 129.
[4] *See Cain v. Menifee*, 269 F. App'x 420, 423 (5th Cir. 2008); *see also United States v. Lee*, No. CRIM.A. 08-232, 2010 WL 5287541, at *2 (E.D. La. Dec. 16, 2010) (Vance, J.) (quoting *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994) ("A petitioner's motion for habeas corpus relief is properly considered under 2241 when it appears that petitioner 'is challenging the manner in which his sentence is being executed rather than the validity of his conviction and sentence.'")
[5] *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir.1990).

end September 1, 2027.[6] At that time, he will begin his transfer to the Bureau of Prisons to serve the consecutive federal sentence this Court imposed.[7] There is no evidence before the Court that Mr. Watson is presently serving his federal sentence, or that Louisiana Department of Corrections or the Bureau of Prisons have improperly credited his respective sentences.

Accordingly,

**IT IS ORDERED** that the Motion is **denied without prejudice** for the reasons stated herein.

New Orleans, Louisiana, November 13, 2026.

Wendy B. Vitter

**WENDY B. VITTER**
**United States District Judge**

[6] R. Doc. 129 at p. 3.
[7] *Id.*